UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL L. BABICH et al.,<br><br>Defendants. | )<br>)<br>)<br>)  Criminal No. 16-CR-10343-ADB<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT**
**REGARDING AGENCY DISCOVERY**

At the September 13, 2018 status conference, Magistrate Judge Boal ordered the parties to confer about the scope of Defendants' discovery requests concerning information in the possession of the Drug Enforcement Administration (DEA) and the Food and Drug Administration (FDA) and to provide a joint status report. Dkt. No. 432 at 4. The parties filed a joint status report on September 24, 2018, notifying the Court that negotiations were still ongoing. Dkt. No. 445. Having conferred further by telephone and in writing, the parties have reached agreement on many of the requests at issue. The terms of the agreement are described herein and in the attached correspondence between the parties. *See* Exhibit 1 (Defendants' letter of September 21, 2018); Exhibit 2 (Government's letter of October 15, 2018).

Any outstanding issues, as well as the parties' positions on them, are noted below.

**I.    Scope of the Agreement**

The parties' agreement includes discovery of materials possessed by DEA and FDA. In addition, in relation to one of the government's experts in this case, the agreement includes discovery of materials in the possession of the Department of Health and Human Services, Centers for Medicare and Medicaid Services (CMS). DEA, FDA, and CMS are referred to jointly herein as "the Agencies."

## II. Production Contingent on Entry of Additional Protective Order

The government's agreement to produce the records at issue to Defendants is contingent on the entry of the attached protective order, to which Defendants assent. *See* Exhibit 3 (Proposed Protective Order).

## III. Materials Redacted for Privilege

The parties agree that the materials to be produced may be redacted for privilege. Defendants reserve the right to ask the Court for *in camera* review of any information redacted on privilege grounds.

## IV. Privilege Log Requested

Defendants request that the Court order the government to produce a privilege log identifying any materials covered by this agreement that have been withheld in their entirety on privilege grounds. Defendants reserve the right to ask the Court for *in camera* review of such materials.

## V. Scope of DEA Discovery

As evidenced by Exhibit 2, DEA has searched for and is willing to produce the following materials, to the extent they are still within DEA possession: **(1)** Suspicious order reports filed with the DEA during the alleged conspiracy period that have not yet been produced by the government in this case and relate to any of the following: Benzer Pharmacy or Dr. Gavin Awerbuch; C&R Pharmacy or Drs. John Couch and Xiulu Ruan; United Pharmacy, United Pain Care P.A., or Dr. Mahmood Ahmad; and Linden Care (defense requests A.1.a., A.2.a., A.3.a., A.4.a.); **(2)** Documents showing what action, if any, the DEA took with respect to the suspicious order monitoring reports described above (defense requests A.1.b., A.2.b., A.3.b., A.4.b.); **(3)** Letters sent to manufacturers and distributors registered with DEA on September 27, 2006 and December 27, 2007 regarding suspicious orders (partially responsive to defense request A.6.a.-f.);

and **(4)** Documents showing DEA audits or reviews of the suspicious order monitoring programs implemented by Integrated Commercialization Solutions (ICS), Cardinal Health SPS, Inc., DPT Lakewood, Inc. (now doing business as Renaissance Lakewood), or Insys (defense request A.7.)

DEA is still searching for the following materials: **(1)** Documents relating to DEA Form 189 or Form 250 quotas submitted by DPT Lakewood, Inc. (now doing business as Renaissance Lakewood), as well as documents reflecting DEA's approval of any such requests during the alleged conspiracy period (defense request A.5., as narrowed by subsequent correspondence); and **(2)** Additional documents related to wholesaler C-II caps (defense requests A.6.a.-f.).

Finally, DEA has sought more specificity regarding two requests (defense requests A.8.a.-b.). Defendants will provide more specificity to the government within 24 hours.

## VI. FDA Discovery

As evidenced by Exhibit 2, FDA has indicated that it does not possess materials responsive to two Defense requests. Based on that representation, Defendants will abandon the requests in question (defense requests B.1.a. and B.2.a.). FDA has responded to other requests by publicly releasing materials and pointing Defendants to other publicly available materials (partially responsive to defense requests B.3.b. and B.4.a.-e.).

FDA is willing to produce nonpublic materials submitted to it by two pharmaceutical companies, Cephalon (now Teva) and Insys, if Defendants obtain waivers from those companies. Defendants are attempting to obtain those waivers and will brief the Court on their progress at the status conference.[1]

---

[1] Defendants note that the government cannot avoid discharging its *Brady* and *Giglio* obligations by making them contingent on a third-party waiver. The government does not concede that the requested materials constitute *Brady*, *Giglio*, are material, or are relevant and does not agree, without further information, that it has any responsibility to obtain the waivers.

Finally, FDA has sought more specificity from Defendants on several requests (defense requests B.4.a.-e.). Defendants have previously provided additional specificity on those requests, and will provide further specificity to the government within 24 hours.

**VII.    CMS Discovery**

As evidenced by Exhibit 2, CMS has agreed to produce all materials relied upon by government expert Dr. William Fleischman in relation to a manuscript that forecasts his anticipated trial testimony in this case (Defense request B.3.a.). CMS has indicated that it does not possess materials responsive to several Defense requests. Based on that representation, Defendants will abandon the requests in question (Defense requests B.1.a. and B.2.a.).

**VIII.   Timing**

Defendants request that the Court order the government to provide a supplemental response on any unresolved categories by October 26, 2018. Defendants also request that the Court order the government to produce the records on a rolling basis, and to complete the production by November 16, 2018. The government will diligently attempt to comply with the proposed deadlines, with or without Court order, but objects to the entry of any order without knowing the extent of defense requests A.8.a.-b. and B.4.a.-e. Without specificity, the government cannot commit that the DEA and FDA will be able to comply. As noted above, Defendants will provide any additional specificity on defense requests A.8.a.-b. and B.4.a.-e (beyond the specificity already provided to the government as to those requests) within 24 hours.  As for all other categories where the government has committed to making a production, there is no indication that production cannot be completed by November 16, and Defendants ask the Court to impose that deadline upon the government.

Dated: October 16, 2018						Respectfully submitted,

											ANDREW E. LELLING
											United States Attorney

											By: /s/ Nathaniel Yeager
											K. NATHANIEL YEAGER (630992)
											Assistant U.S. Attorney
											Office of the U.S. Attorney
											John J. Moakley Federal Courthouse
											One Courthouse Way, Ste. 9200
											Boston, MA  02210
											(617)748-3311
											nathaniel.yeager@usdoj.gov

/s/ Joseph Sedwick Sollers
Joseph Sedwick Sollers, III
(admitted *pro hac vice*)
wsollers@kslaw.com
Mark Jensen (admitted *pro hac vice*)
mjensen@kslaw.com
King & Spalding LLP
1700 Pennsylvania Avenue NW
Washington, D.C. 20006
Telephone: (202) 737-0500

William H. Kettlewell (BBO# 270320)
bill.kettlewell@hoganlovells.com
Hogan Lovells US LLP
100 High Street
Boston, MA 02110
Telephone: (617) 371-1037

*Attorneys for Michael Babich*

/s/ Tracy A. Miner
Tracy A. Miner (BBO# 547137)
tminer@demeollp.com
Megan Siddall (BBO# 568979)
msiddall@demeollp.com
Demeo LLP
200 State Street
Boston, MA 02109
Telephone: (617) 263-2600

*Attorneys for Michael Gurry*

/s/ Peter C. Horstmann
Peter C. Horstmann (BBO# 556377)
pete@horstmannlaw.com
Law Offices of Peter Charles Horstmann
450 Lexington Street, Suite 101
Newton, MA 02466
Telephone: (617) 723-1980

*Attorney for Sunrise Lee*

/s/ Steven A. Tyrrell
Steven A. Tyrrell (admitted *pro hac vice*)
steven.tyrrell@weil.com
Patrick J. O'Toole, Jr. (BBO# 559267)
patrick.otoole@weil.com
Weil, Gotshal & Manges LLP
2001 M Street NW
Washington, D.C. 20036
Telephone: (202) 682-7213

*Attorneys for Richard Simon*

/s/ Michael Kendall
Michael Kendall (BBO# 544866)
michael.kendall@whitecase.com
Alexandra Gliga (BBO# 694959)
alexandra.gliga@whitecase.com
White & Case LLP
75 State Street
Boston, MA 02109
Telephone: (617) 939-9310

*Attorneys for Joseph Rowan*

/s/ Kosta Stojilkovic
Beth A. Wilkinson (admitted *pro hac vice*)
bwilkinson@wilkinsonwalsh.com
Alexandra M. Walsh (admitted *pro hac vice*)
awalsh@wilkinsonwalsh.com
Kosta Stojilkovic (admitted *pro hac vice*)
kstojilkovic@wilkinsonwalsh.com
Wilkinson Walsh + Eskovitz
2001 M St. NW
Washington, D.C. 20036
Telephone: (202) 847-4000

Brien T. O'Connor (BBO# 546767)
brien.o'connor@ropesgray.com
Aaron M. Katz (BBO# 662457)
aaron.katz@ropesgray.com
Ropes & Gray LLP
Prudential Tower 800 Boylston Street
Boston, Massachusetts 02199
Telephone: (617) 951-7000

*Attorneys for Dr. John Kapoor*

<u>Certificate of Service</u>

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to all counsel of record.

By: <u>/s/ Kosta Stojilkovic</u>