UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Crim. No. 16-10343-ADB |
| v. | ) | |
| | ) | |
| SUNRISE LEE, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT
### LEE'S MOTION TO SEVER PURSUANT TO FED.R.CRIM. 14

The Defendant Lee requests that the Court sever her trial from that of her codefendants on three separate grounds: (1) risk of prejudicial "spillover"; (2) financial hardship; and (3) antagonistic defenses. For the reasons set forth below, Lee's motion should be denied.

**Legal Standard**

It is well-established that, as a rule, "persons who are indicted together should be tried together." *United States v. O'Bryant*, 998 F.2d 21, 25 (1st Cir. 1993). Indeed, "there is a preference in the federal system for joint trials of defendants who are indicted together" because joint trials promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (internal quotations and citations omitted). However, the Federal Rules of Criminal Procedure recognize that, in some instances, a joint trial may prejudice one of the parties. Thus, Federal Rule of Criminal Procedure 14 (hereinafter, "Rule 14") provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Despite this potential remedy, a party seeking severance must clear a high hurdle. *See O'Bryant*, 998 F.2d at 25. The Supreme Court has instructed that, when defendants properly have been joined . . . a district court should grant a severance under Rule 14 *only* if there is *a serious risk* that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539 (emphasis added). Echoing this sentiment, the First Circuit has stated that a defendant seeking a separate trial can succeed only by "making a strong showing of evident prejudice." *O'Bryant*, 998 F.2d at 25 (citing cases). As if the bar were not high enough, severance is especially disfavored when defendants are involved in a conspiracy, as in this case. *See, e.g., United States v. Celestin*, 612 F.3d 14, 19 (1st Cir. 2010); *United States v. Pena-Lora*, 225 F.3d 17, 33 (1st Cir. 2000).

### Lee's Role in the Conspiracy

The indictment in this case charges Lee with the racketeering conspiracy based upon her role as a Regional Sales Manager and National Sales Director for Insys. Lee attempts to minimize her role in the conspiracy, but she is in fact similarly situated to several other defendants in the case who performed distinct functions for Insys.

Not only did Lee manage sales representatives in the Midwest region who were responsible for two of the most prolific prescribers of Subsys (Practitioners 3 and 6), Lee engaged in an extremely unprofessional relationship with one of them – Practitioner 6. Despite Lee's claims to the contrary, the evidence will show that she dealt extensively with the Insys Reimbursement Center (IRC), and also supervised others who dealt with the IRC, and was fully engaged in the scheme to use the Insys Speaker Program (ISP) to bribe medical practitioners.

It is not unusual in broad conspiracy cases that members of a conspiracy have specific roles, and may have limited or no involvement in certain acts committed pursuant to the conspiratorial agreement by other members of the conspiracy.  However, the evidence will show that Lee was enthusiastically engaged in all facets of the conspiracy.  Therefore, there is no "prejudicial" spillover.  All the acts of her coconspirators were reasonably foreseeable to her.

## ARGUMENT

Lee's argument for severance rests primarily on two grounds, prejudicial spillover and a claim of antagonistic defense.  The former argument is one that is often made, but is rarely successful.  The First Circuit has been clear that to prevail on a claim of prejudicial spillover, "a defendant must prove prejudice so pervasive that a miscarriage of justice looms."  *United States v. Pierro*, 32 F.3d 611, 615 (1st Cir. 1994); *United States v. Cancel-Lorenzana*, 28 F.Supp.3d 138, 140 (D. Puerto Rico 2014).  A defendant must also overcome "the dual presumptions that a jury will capably sort through the evidence and will follow limiting instructions from the court."  *Cancel-Lorenzana* at 140, *citing*, *United States v. Turner*, 93 F.3d 276, 284 (7th Cir. 1996).

Lee fails to identify a single piece of evidence that would not be admissible against her in a separate trial.  The fact that a joint trial with her codefendants may result in a larger volume of evidence does not prejudice her where that very same evidence would be admissible against her in a separate trial.  Thus, Lee's failure to conduct such an analysis clearly demonstrates the weakness of her claim.

The case at bar involves six defendants charged in a single count indictment.  As such, this case is outside the heartland of the majority of cases addressing severance issues where lengthy indictments charging multiple offenses against various defendants raise the danger of prejudicial spillover.  Because Lee has not identified a single piece of evidence that would not be

admissible against her in a severed trial, her claims are conclusory in nature and thus do not suffice to overcome the presumption in favor of joinder. *United States v. Baltas*, 236 F.3d 27, 33 (1st Cir. 2001), *citing*, *United States v. Neal*, 36 F.3d 1190, 1204 (1st Cir. 1994). As the First Circuit noted in *United States v. Boylan*, 898 F.2d 230, 246 (1st Cir.), *cert. denied*, 498 U.S. 849 (1990),

> There is always some prejudice in any trial where more than one offense or offender are tried together – but such "garden variety" prejudice, in and of itself, will not suffice.

*Id*. at 246.

"[A] quantum of prejudice … typifies virtually any multi-defendant trial—and that sort of prejudice clearly does not justify a severance." *Id*. *United States v. Pierro*, 32 F.3d 611, 615 (1st Cir. 1994) (abrogated on other grounds) (defendant and fifteen co-defendants were charged with conspiracy to participate in a racketeering enterprise, participating in a racketeering enterprise, and money laundering). "To prevail on a [spillover claim], a defendant must prove prejudice so pervasive that a miscarriage of justice looms."

"Spillover' arguments, particularly in conspiracy cases, where almost all of the evidence is relevant to all of the alleged co-conspirators, are normally insufficient to prove 'prejudice so pervasive that a miscarriage of justice' would occur shall severance not be granted." *United States v. LiCausi*, 167 F.3d 36, 49 (1st Cir.1999) (internal citations and quotations omitted) ("[S]ince all three defendants were charged as coconspirators, almost all of the evidence relating to other defendants was relevant to, and therefore independently admissible in the prosecution's case against Fogerty. As we have said, this circumstance precludes a spillover argument.").

Lee also alleges that a severance is warranted because her defense is antagonistic to that of her codefendants. District courts can sever defendants' trials or provide other relief "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. DeCologero*, 530 F.3d 36, 52 (1st Cir. 2008) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). "[D]efenses are not antagonistic merely because they are not congruent." *United States v. Floyd*, 740 F.3d 22, 36 (1st Cir. 2014). "In order to gain a severance based on antagonistic defenses, the antagonism… must be such that if the jury believes one defendant, it is compelled to convict the other defendant." *Id.* (quoting *United States v. Peña-Lora*, 225 F.3d 17, 33 (1st Cir. 1993)); *see also United States v.DeCologero*, 530 F.3d at 53 (holding that severance was not warranted where one defendant's testimony did not implicate or preclude acquittal of the other defendants); *United States v. Tejeda*, 481 F.3d 44, 55 (1st Cir. 2007) (holding that antagonistic defenses can require severance when those defenses are truly irreconcilable or at least substantially incompatible); *United States v. Yefesky*, 994 F.2d 885, 897 (1st Cir. 1993) ("[T]he tension between defenses must be so great that a jury would have to believe one defendant at the expense of another."). Blame-shifting alone is insufficient to mandate severance; "mere fingerpointing among co-defendants, i.e., the familiar 'he did it, not I' defense- normally is not sufficient grounds for a severance." *United States v. Tiem Trinh*, 665 F.3d 1, 19 (1st Cir. 2011) (quoting *Peña Lora*, 225 F.3d at 33)).

In *DeCologero*, defenses were not mutually antagonistic because they were neither "truly irreconcilable" or "substantially incompatible" in a case charging RICO,

robbery, firearm offenses, and other charges. 530 F.3d at 52. One defendant (Paul A.) testified that he used to deliver drugs but stopped after he was indicted for organized crime activity. His primary defense was that the government's witness was from a different faction of the organized crime family and thus motivated to lie. The other defendants claimed that they had engaged in no criminal wrongdoing.

Severance is improper where two defendants both claim that they are innocent and each accuses the other of the crime, *Zafiro v. United States*, 506 U.S. 534, 538–40 (1993). As discussed above, when multiple defendants are named in a single indictment, severance should not be granted unless "there is ***a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence***." *Id.* "Mutually antagonistic defenses are not prejudicial per se. Moreover, Rule 14 does not require severance even if prejudice is shown[.]" *Id.*

Lee claims that the "antagonism" among defendants arises from the tension between Insys management and a "rogue" sales staff. See *Affidavit of Peter Horstmann* at ¶19. However, all defendants including Lee were part of management. As discussed above, the evidence will show that Lee embraced the management strategy dictated by Kapoor and others and passed that strategy on to her sales staff. Thus, her defense cannot be antagonistic to that of her codefendants to the extent that if a jury believed her defense they would have to convict one or more of her codefendants.

Finally, Lee raises financial hardship as a basis for a severance. Lee cites no cases in support of the proposition that a severance is warranted because a joint trial would create a financial hardship. Again, Lee cannot show that her alleged financial

hardship would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion To Sever should be denied.

                                          Respectfully submitted,

                                          ANDREW E. LELLING
                                          United States Attorney

By:    /s/ Fred M. Wyshak, Jr.
           Fred M. Wyshak, Jr.
           K. Nathaniel Yeager
           David G. Lazarus
           Assistant U.S. Attorneys