# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-cr-10343-ADB |
| | ) | |
| MICHAEL L. BABICH et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO SANCTION THE GOVERNMENT FOR ITS FAILURE TO TIMELY PROVIDE A COPY OF ITS PROPOSED TRIAL EXHIBITS

Deadlines matter—especially when a case is at the eve of trial.  The Court's pretrial order required the government by January 7, 2019 to provide Defendants "with copies of the exhibits and a premarked list of exhibits the government intends to offer in its case-in-chief."  Dkt. No. 277 (Jan. 24, 2018).  Defendants agreed to give the government a one-day extension, to January 8, 2019.  Yet one *week* later, the government has still not provided Defendants with copies of its proposed exhibits.  This failure matters because the government's exhibit list is a mess:  Even though Defendants are trying to locate the government's proposed exhibits among the millions of documents that the government has produced, *hundreds* of entries on the government's exhibit list lack information sufficient to identify the documents, and the government has tried to include *over 13,000 standalone documents* on its exhibit list by listing them as part of five composite "exhibits."

The government's delay is materially impairing Defendants' trial preparation efforts and demands this Court's intervention.  The Court should sanction the government for missing the deadline to produce its trial exhibits to Defendant.  Specifically, the Court should preclude the government from offering as an exhibit at trial any material that it has not identified correctly and with specificity in its exhibit list—a sanction that the Tenth Circuit has expressly approved and that is supported by First Circuit case law.

## BACKGROUND

On December 31, 2018, Defendants agreed to provide the government one additional day, up through and including January 8, 2019, to satisfy its exhibit list obligations.[1]  But the parties did not discuss or agree to any deviation from the requirement that exhibits be produced at the same time as the list is disclosed.  By failing to provide timely copies of its exhibits, the government has violated both the Court's pretrial order and its agreement with Defendants, to the serious detriment of Defendants' ability to prepare for trial.

On January 8, 2019, the government failed to provide Defendants with any copies of the government's proposed exhibits as required by the pretrial order.  Instead, the government provided Defendants with a PDF document that contained more than 1,750 rows of information.  *See* Ex. A (Gov't Exhibit List).  Counsel for the government stated that the government was "still in the process of marking the actual exhibits and will produce a copy to you as soon as possible."  *See* Ex. B (Email from N. Yeager to Defense Counsel of 01/08/2019).

The government's list is simply not sufficient to identify all the exhibits in question.  *See generally* Ex. C (Sherman Affidavit).  Although the government's counsel stated that it had "provided the bates-number or other unique identifier . . . for each exhibit," Ex. B, almost three hundred entries on the government's exhibit list refer merely to a general category of documents without a Bates number or other information sufficient to discern what the government seeks to introduce.  *See* Ex. C ¶ 8.  For example, one row reads, "A binder for Burlakoff containing selected phone/computer/iPad data (e.g., text messages, photos, etc....)," without any further identifying information.  *Id.* ¶ 5.  The government's list contains similarly vague "binder" entries for 33 other individuals, including four Defendants, an additional 28 current or former Insys employees, and

---

[1] The government likewise agreed to provide Defendants with a one-day extension for their exhibit list, from January 14, 2019 to January 15, 2019.

one alleged co-conspirator practitioner.  *Id.*  It also contains entries for a "binder containing select Insys Board of Directors Agendas and Meeting Notes," a "binder containing INSYS SEC filings," and a "binder containing select certified financial records relating to Insys lines of credit"—once again, all without any further identifying information.  *Id.*  And the list contains 146 entries that are simply described as "Patient Records" of various individuals identified only by their initials, without any specificity as to the identity of the patient, what the records are, whether they are individual documents or composite exhibits, whether they have been previously produced to the defense, or what their volume is.  *Id.* ¶ 7.[2]

The problems do not stop there.  At least five other rows appear to be composites of *thousands* of standalone documents.  For example, row 631 on the list refers to the *entirety* of OptumRx's production of patient medical records and tape recorded prior authorization phone calls—more than 2,500 medical and call files in all.  *Id.* ¶ 4.  Similarly, rows 633, 634, 635, and 636 each refer to between over 1,000 and over 3,000 files *each*.  *Id.*  Collectively, these five "exhibits" reference more than 13,000 files.  Even assuming Defendants can identify the individual documents making up these composite "exhibits," the fact that the government apparently reserves the right to introduce thousands of tape-recorded prior authorization phone calls into evidence shows that the assurances it offered to Magistrate Judge Boal in opposition to Defendants' bill of particulars motion were illusory.  *See* Gov't Answer to Order and Response to Defs.' Obj. at 15, Dkt. No. 616 (Dec. 18, 2018).  And the government is apparently telling Defendants and this Court

---

[2] The majority of rows in the government's exhibit identify a standalone document with an associated Bates range, which at least enables Defendants to try to find the document in the government's Rule 16 productions.  Ex. C ¶ 2.   This motion does not seek exclusion of any standalone document that is correctly identified by Bates number on the government's exhibit list. But in more than a dozen cases, the Bates numbers are plainly incorrect.  For example, row 601 refers to a series of text messages for a given person, but the provided Bates number is a news article about an entirely different person.  *Id.* ¶ 9.

that it "intends to offer" *more than 15,000 documents at trial*.  *See* Pretrial Order ¶ 5(b).  Much like the government's claim that it "intends to call" 143 witnesses in its case-in-chief, this strains credulity.  *See* Defs.' Emergency Mot. To Compel the Gov't To Produce A True Witness List, Dkt. No. 662 (Jan. 9, 2019).

Finally, although the government represented to Defendants on Tuesday, January 8 that it would produce copies of the exhibits "soon," the government has still failed to do so, despite assurances to the contrary.  On Wednesday, January 9, counsel for Dr. Kapoor inquired as to the status of the government's production.  *See* Ex. D (Email from K. Stojilkovic to N. Yeager of 01/09/2019).  The next day, the government advised that "[w]e should hopefully send out the exhibits tomorrow," *i.e.*, Friday.  *See* Ex. E (Email from D. Lazarus to Defense Counsel of 01/10/2019).  Friday came and went with no production.  On Sunday, the government advised that it was "still finalizing the exhibits for production" and asserted, without explanation, that the delay was "unavoidable."  *See* Ex. F (Email from D. Lazarus to Defense Counsel of 01/13/2019).  The government added that it "believe[d]" the exhibits would be ready on Monday, *i.e.*, a week after the original deadline in the pretrial order.  As of this filing, Defendants still have not received copies of the government's exhibits.

## ARGUMENT

The government's failure to respect the Court's scheduling order and its careless preparation of its exhibit list are materially impairing Defendants' trial preparation efforts.  The purpose of an exhibit list is to provide the other party notice of the documents the prosecution intends to introduce in its case-in-chief, so that the other party can both prepare for trial and bring to the court's attention prior to trial any evidentiary objections to what the prosecution intends to introduce.  Thus, the Court's pretrial order required the government to provide copies of its proposed exhibits three weeks in advance of trial.  *See* Pretrial Order ¶ 5(b).  The government's

delay in producing copies of its exhibits, exacerbated by the extreme sloppiness of its exhibit list, justifies sanctions.

Defendants request that the Court preclude the government from offering as an exhibit at trial any document that was not clearly and correctly identified on the list that the government provided to Defendants on January 8, 2019.   Specifically, anything on the list other than a standalone document that was identified with a correct Bates range should be precluded.   The Tenth Circuit has explicitly endorsed this type of sanction for failure to comply with a scheduling order deadline.   *See, e.g.*, *United States v. Wicker*, 848 F.2d 1059 (10th Cir. 1988); *United States v. Yepa*, 608 Fed. App'x 672 (10th Cir. 2015).   More generally, the First Circuit has recognized that district courts have "wide latitude in formulating pretrial orders and in imposing sanctions on parties who fail to comply with procedural rules." *Atlas Truck Leasing, Inc. v. First NH Banks, Inc.*, 808 F.2d 902, 903 (1st Cir. 1987); *accord United States v. Josleyn*, 99 F.3d 1182, 1196 (1st Cir. 1996) ("[W]e will not reverse a district court's ruling on delayed disclosure unless it amounts to a demonstrable abuse of discretion."); *see also* Fed. R. Cr. P. 16(d)(2).

In *Wicker*, the Tenth Circuit held that the district court was within its discretion to preclude the government from offering a laboratory report into evidence where the prosecution did not provide the report to the defense until five days before the start of trial, which was two weeks past the deadline that the scheduling order had imposed.   *See* 848 F.2d at 1060.   The Tenth Circuit agreed that, even if the prosecution's failure to provide the report in a timely fashion was due to negligence rather than bad faith, the district court was well within its "discretion in suppressing the government's evidence" rather than ordering a last-minute continuance of the trial date.   *Id.* at 1062.   Likewise, in *Yepa*, the Tenth Circuit agreed that the district court was within its discretion in precluding the prosecution from introducing at trial a 911 call that it tried to add to its exhibit list a week before trial, several weeks after the scheduling order's exhibit list deadline.   608 Fed.

App'x at 677–81.   The court held that preclusion of the call was appropriate because the government's failure to properly identify the call on its exhibit list by the scheduling order's deadline was negligent, the delay prejudiced the defendant's ability to "prepare for trial," and a last-minute continuance would be disruptive to the defendant and to the jurors who had been "summoned but not yet empaneled."  *Id.* at 679.

As in *Wicker* and *Yepa*, preclusion of material that the government's exhibit list does not clearly and correctly identify is an appropriate sanction.   *First*, the government's delay has materially prejudiced Defendants.   Not only have Defendants' counsel expended precious time in the critical weeks before trial trying to make sense of the mess that is the government's exhibit list, counsel have already lost one week where they could have reviewed the government's exhibits.   *Second*, Defendants' proposed sanctions are narrow and focused on the particular prejudice caused by the government's failures.   Although Defendants have been able to identify many of the items on the government's exhibit list, where the government has failed to provide correct identifying information (or any identification) or clustered many thousands of exhibits together under a single "exhibit," it is appropriate to preclude the government from using such exhibits as part of their case-in-chief.   *Third*, a continuance would not be appropriate.  As an initial matter, the Court has repeatedly and unequivocally indicated that it is not inclined to postpone the trial date.   *See, e.g.*, 7/17/18 Tr. at 68, Dkt. No. 403.  The Court has also summoned 300 potential jurors to appear just three days from now, and any continuance would be highly disruptive.   In any event, having lived under the stigma of a criminal indictment for more than one year (and in some cases more than two years), Defendants insist on proceeding to trial as scheduled and as required under the Speedy Trial Act so that they may clear their names.   The government's failure to produce their gargantuan collection of exhibits to Defendants in a timely fashion should result in exclusion of any

exhibit not sufficiently identified in the government's exhibit list, not more time for the government to clean up its act.

## **CONCLUSION**

For the foregoing reasons, the Court should order the sanction that Defendants request in this motion.

Dated:  January 14, 2019

Respectfully submitted,

/s/ Tracy A. Miner

Tracy A. Miner (BBO# 547137)
tminer@demeollp.com
Megan Siddall (BBO# 568979)
msiddall@demeollp.com
Demeo LLP
200 State Street
Boston, MA 02109
Telephone: (617) 263-2600

***Attorneys for Michael Gurry***

/s/ Peter C. Horstmann

Peter C. Horstmann (BBO# 556377)
pete@horstmannlaw.com
Law Offices Peter Charles Horstmann
450 Lexington Street, Suite 101
Newton, MA 02466

***Attorney for Sunrise Lee***

/s/ Aaron M. Katz

Beth A. Wilkinson (admitted *pro hac vice*)
bwilkinson@wilkinsonwalsh.com
Alexandra M. Walsh (admitted *pro hac vice*)
awalsh@wilkinsonwalsh.com
Kosta S. Stojilkovic (admitted *pro hac vice*)
kstojilkovic@wilkinsonwalsh.com
2001 M Street NW
Washington, D.C. 20036
Telephone: (202) 847-4000

Brien T. O'Connor (BBO# 546767)
brien.o'connor@ropesgray.com

/s/ Steven A. Tyrrell

Steven A. Tyrrell (admitted *pro hac vice*)
steven.tyrrell@weil.com
Patrick J. O'Toole, Jr. (BBO# 559267)
patrick.otoole@weil.com
Weil, Gotshal & Manges LLP
2001 M Street, NW
Washington, D.C. 20036
Telephone: (202) 682-7213

***Attorneys for Richard Simon***

/s/ Michael Kendall

Michael Kendall (BBO# 544866)
michael.kendall@whitecase.com
Alexandra Gliga (BBO# 694959)
alexandra.gliga@whitecase.com
White & Case, LLP
75 State Street
Boston, MA 02109
Telephone: (617) 939-9310

***Attorney for Joseph Rowan***

Aaron M. Katz (BBO# 662457)
aaron.katz@ropesgray.com
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000

***Attorneys for Dr. John Kapoor***

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I hereby certify that counsel for Defendants sought to confer with counsel for the government and received no response.

/s/ Aaron M. Katz

## CERTIFICATE OF SERVICE

I, Aaron M. Katz, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 14, 2019.

/s/ Aaron M. Katz