UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL L. BABICH, ET AL.<br><br>Defendants | CRIMINAL No. 16-CR-10343-ADB |

**GOVERNMENT'S OPPOSTION TO DEFENDANTS' MOTION TO COMPEL AND MOTION AND MEMORANDUM OF LAW TO SANCTION THE GOVERNMENT FOR ITS FAILURE TO TIMELY PROVIDE A COPY OF ITS PROPOSED TRIAL EXHIBITS**

On January 9, 2019, the Defendants filed Defendants' Emergency Motion To Compel The Government To Produce a True Witness List (ECF 662). On January 14, 2019, the Defendants filed Defendants Motion To Sanction The Government For Its Failure To Timely Provide A Copy Of Its Proposed Trial Exhibits (ECF 670). On January 14, 2019, the Court issued an order regarding both motions before the United States had responded (ECF 672). The Order, which explicitly recognized the nature of the Defendants motion practice, required the United States to file certain information by 11:59 PM ET on Monday January 14, 2019. The United States, to the best of its ability, complied with the Court's order. Nevertheless, because the Defendants motions omitted relevant information, and because several of the matters raised by the Defendant are likely to be raised again, the United States hereby opposes the Defendants' Motions and seeks to clarify the record:

1. The United States witness list includes 143 names. While the Court's Pre-trial Order explicitly recognizes the possibly that the Government may seek to amend its witness and exhibit lists. Dkt. # 277, at ¶P 5 (ordering that if the government should form an intent to call any other witness, or introduce other exhibits, it "shall promptly notify the defendants…."), the Government

attempted to file a comprehensive list of names. There is nothing unusual about the government filing a comprehensive witness list. That is especially true in a case where the Defendants motion practice errs on the side of offering incessant objections without compromise. Given the volume and form of the Defendant's motion practice, the Government is left to choose between one of two inevitable objections—too much or too late.

Nevertheless, the United States was prepared to narrow the list, without a motion from the Defendants. It would have done so had the Defendants made a sincere effort to confer. Instead, the Defendants effort to confer consisted of a single email, sent at 10:14AM demanding a conference by noon. The "emergency" motion was filed at 1:01PM. (Ex.1: Email from Kosta Stojilkovic dated January 9, 2019).

2. As for the exhibit list, the United States provided a description of each document, as well as the beginning bates number and the ending bates number for most of the documents on its exhibit list. The defendants *requested* this format. After receipt of the exhibit list, the Defendants asserted that a number of exhibits had inaccurate bates numbers. The government asked the defense to identify the exhibits so that it could provide accurate bates numbers, however, on January 10, 2019, the Defendants said that they did not "have the specific numbers handy but my folks tell me some of the bates numbers on your list have an extra digit that doesn't correspond to the bates ranges we have." (EX.2: Email from Kosta Stojilkovic dated January 10, 2019). Thereafter, the United States informed the Defendants that it would supply an exhibit list and the associated exhibits. (Ex.3: Email from AUSA David Lazarus, dated January 13, 2019). The government also offered to agree to an extension of the Defendants exhibit list deadline. The Defendants chose instead to file their motion seeking sanctions.

The United States recognizes that the Defendants have a right to challenge the evidence and prepare for trial. The government's efforts have at all times been in good faith. Both

motions at issue (ECF 662 and 670) could have been easily avoided with proper conference and good faith.

3. The United States filed an exhibit list reserving 1,750 exhibits. The volume of evidence, however, is both manageable and predictable. The government has also informed the defendant that it has removed 39 previously reserved exhibits altogether. The following types of evidence are at issue:

a. The case alleges an extensive scheme to defraud insurers. The parties have previously agreed to provide summary exhibits at a later date. The substance of most of the reserved exhibits are for records underlying planned summary charts. We anticipate one witness will testify regarding the records. As such, the United States gave notice of approximately 150 calls recorded by insurers or their PBMs discussing prior authorizations for approximately 110 patients. The United States marked or reserved an exhibit: (1) for each call, (2) for each transcript, (3) and for IRC records associated with each call. In addition, when available, the United States also marked patient records and insurance records associated with each call.

b. The United States included voluminous financial records on the exhibit list – and has identified those exhibits with specificity but not re-produced them physically. A summary witness is expected to testify regarding those documents. The defendants have received those documents well in advance of trial and there can be no true mystery about their identity.

c. The United States marked the claims paid by Optum insurance during the alleged conspiracy. This data includes thousands of claims paid by the insurer. To characterize it as anything other than one exhibit is misleading. The exhibit, to be offered by a witness from Optum, merely confirms information possessed by Insys Therapeutics during the conspiracy which will form the basis of a summary chart and testimony that claims were, in fact, approved and paid. The United

States gave notice that it intends to offer similar claims data and testimony for Anthem, Humana, and CMS/Medicare. It intends to use the data in the same, limited manner.

d. The United States has identified exhibits that it will seek to introduce containing publicly available SEC filings relating to Insys and its Board. For example, the exhibit list specifically identifies SEC forms S1, amendments to that form, forms 10K and 10Q, and Form 4s, as well as date ranges for those forms that the United States will seek to introduce. The SEC is presently unable to certify those documents – which are available for free online – and the government will produce certified copies as soon as possible.

**Conclusion**

The Court has now seen the Defendants definition of an "emergency." The United States will continue to work in good faith and with best efforts to ensure an efficient use of the Court's time and that of the jury.

The United States acknowledges that the Court has restrained motions for sanctions. The government notes that the court's power to control the abuse of motion practice is largely a function of its inherent power to control its own docket. See Laitram Machinery, Inc. v. Carnitech A/S, 908 F. Supp. 384, 389 (E.D. La. 1995) ("The Court's purpose is to maintain an even, fair balance among all litigants preparing for trial. Too often the Court has witnessed motion practice denigrate into a trial tactic to overwhelm the opposing party at the last minute. The Court will not countenance such polemic tactics as a matter of general principle, for it is unfair to anyone involved in litigation."); see also United States v. Rempel, 2001 WL 650345, at *2 (D. Alaska 2001) ("The Dietrich Rempels' motion practice in this case has, by and large, been hyper-technical and (in the court's view) dilatory—that is, a set of delaying tactics."); Woodruff v. Herrera, 2011 WL 13168988, at *1 (D.N.M. 2011) ("Overall, it appears to the Court that Plaintiffs' tactic in this litigation has been to attempt to overwhelm the Secretary of State with

claims and motions, with almost total disregard for efficiency or conservation of judicial resources.”).

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/*K. Nathaniel Yeager*

K. NATHANIEL YEAGER (BBO # 630992)
DAVID G. LAZARUS (BBO # 624907)
FRED WYSHAK, JR. (BBO #535940)
Assistant U.S. Attorneys
One Courthouse Way, Ste. 9200
Boston, MA 02210
(617) 748-3100
david.lazarus2@usdoj.gov
nathaniel.yeager@usdoj.gov
fred.wyshak@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

/s/*K. Nathaniel Yeager*
K. Nathaniel Yeager
Assistant United States Attorney

Date: January 15, 2019