UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Criminal Action No. 16-cr-10343-ADB |
| MICHAEL L. BABICH, ALEC BURLAKOFF, MICHAEL J. GURRY, RICHARD M. SIMON, SUNRISE LEE, JOSEPH A. ROWAN, and JOHN KAPOOR, | * * * * * | |
| Defendants. | * | |

# ORDER ON MOTIONS *IN LIMINE*

BURROUGHS, D.J.

Before the Court are Defendants' Motions *in Limine* Nos. 1 through 12 [ECF Nos. 572, 573, 574, and 576], the Government's Motion *in Limine* to admit evidence [ECF No. 587], Defendants' Motion to Exclude Patient Testimony [ECF No. 645], and Defendants' Motion to Preclude the Government from Arguing that Reimbursement Support Services Are Unlawful Kickbacks [ECF No. 660]. In ruling on these motions, the Court has considered all of the motions, the memoranda in support and in opposition, and the exhibits attached thereto. For the reasons stated below, Defendants' Motions *in Limine* Nos. 1 through 6 [ECF No. 572], Defendants' Motions *in Limine* Nos. 7 through 9 [ECF No. 573], Defendants' Motion *in Limine* No. 10 [ECF No. 574], the Government's Motion *in Limine* to admit evidence [ECF No. 587], Defendants' Motion to Exclude Patient Testimony [ECF No. 645], and Defendants' Motion to Preclude the Government from Arguing that Reimbursement Support Services Are Unlawful Kickbacks [ECF No. 660] are all <u>GRANTED</u> in part and <u>DENIED</u> in part. Defendants' Motions *in Limine* Nos. 11 and 12 [ECF No. 576] are <u>DENIED</u>. To the extent the motions are denied, the denial is without prejudice to renewal at trial.

1. Defendants' Motion *in Limine* No. 1 to Exclude Evidence of Patient Harm [ECF No. 572] and Defendants' Motion to Exclude Patient Testimony [ECF No. 645] are <u>GRANTED</u> in part and <u>DENIED</u> in part. The Government may present testimony concerning the medical care that patients received from co-conspirator physicians, or the medical status of patients to show that prescribing was not medically necessary or was in excess of what was medically necessary, or that a patient's medical status was different from what was represented to insurers in furtherance of claims for reimbursement. The Government may also present evidence that a patient became addicted to Subsys, the medical consequences of that addiction, and whether and how prescribing practices changed thereafter. The Government may not, however, present evidence concerning the social consequences to the patient of wrongful prescribing or addiction, such as loss of employment, erosion of familial relationships, and the like. To the extent that a showing of tangible harm is required, addiction itself, and any physical consequences of that addiction or of prescribing that was not medically necessary, are sufficient to show that harm. To go beyond that runs the risk of arousing undue sympathy in violation of Federal Rule of Evidence 403. The Government shall provide the Defendants with any unproduced medical records and interview reports in its possession, custody, or control for any patient that it anticipates calling as a witness at trial, or whose medical status will otherwise be the subject of testimony.

2. Defendants' Motion *in Limine* No. 2 to Exclude Evidence or Argument Regarding Any Pleas, Convictions, Settlements, or Medical Board Actions of Non-Testifying Witnesses [ECF No. 572] is <u>DENIED</u>. Such evidence may be admissible to prove the intent of the co-conspirators. If such evidence is admitted at trial, the Court will, at the request of the parties, provide the jury with appropriate limiting instructions. The Defendants seem to believe that this

motion is mooted by the Government's response [see ECF No. 669 at 7], but it appears to the Court that the Government's response leaves this aspect of the motion unresolved. Rulings as to whether "any door has been opened" will be made at trial in response to timely objections.

3. Defendants' Motion *in Limine* No. 3 to Exclude Any Evidence or Argument that Any Practitioner Other than the Thirteen Alleged Co-Conspirators Was Bribed [ECF No. 572] is DENIED so long as the Government has identified the practitioner as an alleged co-conspirator pursuant to Local Rule 116.1. The Court will determine at trial whether any such evidence is subject to exclusion under Federal Rule of Evidence 403 in response to timely objections.

4. Defendants' Motion *in Limine* No. 4 to Exclude Evidence of Any Crimes Other than the RICO Predicate Offenses Alleged in the Second Superseding Indictment [ECF No. 572] is DENIED. The Court will determine at trial whether any such evidence is subject to exclusion under Federal Rule of Evidence 403 in response to timely objections. The Court reserves its ruling on whether bad acts by unindicted and unnamed co-conspirator third parties are relevant and admissible.

5. Defendants' Motion *in Limine* No. 5 to Exclude Evidence of Criminal Conduct and Other Bad Acts Absent a Proffer of Evidence that Any Defendant Knew About or Agreed to Them [ECF No. 572] is GRANTED in part and DENIED in part. Evidence of criminal conduct and other bad acts extrinsic to the charged conspiracy is likely irrelevant and therefore not admissible under Federal Rules of Evidence 401 and 402. Evidence of criminal conduct and other bad acts in furtherance of the conspiracy is relevant and admissible unless the Court determines at trial that such evidence is otherwise subject to exclusion in response to timely objections.

6. Defendants' Motion *in Limine* No. 6 to Exclude Evidence of Criminal Conduct or Other Bad Acts that Post-Date the Conspiracy [ECF No. 572] is <u>GRANTED</u> in part and <u>DENIED</u> in part. Such evidence may be admissible if it is probative of consciousness of guilt and is otherwise admissible under the applicable rules of evidence. The Government is precluded from presenting evidence or argument to the effect that Defendant Kapoor obstructed justice or otherwise acted inappropriately in failing to comply with or contesting the subpoena that was the subject his motion for a protective order [ECF No. 629] and the subsequent ruling by Judge Boal.

7. Defendants' Motions *in Limine* No. 7 [ECF No. 573] is <u>GRANTED</u> in part and <u>DENIED</u> in part. To the extent that Defendants' Motion *in Limine* No. 7 seeks to preclude any comparison between Defendants and street-level drug dealers, it is <u>DENIED</u> as moot in light of the Government's agreement. Should the Government violate its agreement at trial and introduce evidence or argument comparing Defendants to street-level drug dealers, Defendants may renew their motion and it will be granted. Further, to the extent that Defendants' Motion *in Limine* No. 7 seeks to preclude any comparison between Subsys and heroin, it is <u>DENIED</u>, but the Court cautions that such evidence will be very limited. The Government may introduce evidence concerning the properties of Subsys, subject to exclusion under Federal Rule of Evidence 403 in response to timely objections and with the understanding that the Government will not be permitted to make the focus of this trial opioids in general or the similarities between Subsys or fentanyl and heroin. For example, the Government may elicit testimony to the effect that Subsys delivers fentanyl and that fentanyl is synthetic heroin. Similarly, the Government may elicit that Subsys is addictive like heroin or that an addiction to Subsys can cause cravings just like an addiction to alcohol or heroin. The Government will not be permitted to elicit

testimony comparing the strength of Subsys to heroin or otherwise liken Subsys to heroin, although, recognizing the fineness of this line, the Court will be prepared to rule on related objections trial or to provide further guidance to the Government as the trial progresses.

8.  Defendants' Motion *in Limine* No. 8 to Exclude Evidence of "Corporate Culture" at Insys [ECF No. 573] is DENIED. Such evidence will be admissible as intrinsic to the charged offense if it is otherwise admissible under the applicable rules of evidence and its probative value is not substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403.

9.  Defendants' Motion *in Limine* No. 9 to Exclude Content Posted on the Website Cafepharma.com [ECF No. 573] is DENIED. Relevant posts will be admissible for non-hearsay purposes to the extent that they are probative of Defendants' knowledge of the issues discussed therein and comport with the other applicable rules of evidence.

10. Defendants' Motion *in Limine* No. 10 to Exclude Opinions Regarding the Illegality of Witnesses' and Defendants' Conduct [ECF No. 574] is GRANTED in part and DENIED in part. The Government may present evidence of a witness' contemporaneous understanding of the propriety of his or her conduct as relevant to that witness' state of mind. A witness may not express his or her opinion as to the legality of the conduct of others or explain how he or she now views historical behavior.

11. Defendants' Motion *in Limine* No. 11 to preclude the Government from "mischaracterizing permissible medical and marketing practices as criminal conduct" and Motion *in Limine* No. 12 to preclude the Government from "mischaracterizing permissible direct shipping agreements as criminal conduct" [ECF No. 576] are DENIED. The Government may introduce relevant evidence concerning Defendants' marketing of Subsys and dosage

recommendations, off-label prescriptions of Subsys, the Insys Reimbursement Center, and Defendants' direct shipping practices that comports with the applicable rules of evidence. The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice or any other factor listed in Federal Rule of Evidence 403. Defendants will be free to cross-examine the Government's witnesses and argue to the jury the reasons that they believe the jury should give little or no weight to this evidence or the Government's characterization of it. This goes to evidentiary weight rather than admissibility, and will be for the jury to determine.

12. The Government's Motion *in Limine* to admit evidence concerning: (i) "corporate culture" at Insys; (ii) Defendant Lee; (iii) Defendant Rowan's prior professional experience; (iv) Defendant Kapoor's prior professional experience; and (v) obstruction of justice [ECF No. 587] is GRANTED in part and DENIED in part.

As set forth supra at ¶ 8, evidence of "corporate culture" at Insys may be admissible as intrinsic to the charged offense if it is otherwise admissible under the applicable rules of evidence and its probative value is not substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403. Evidence of Defendants' sexual history is not admissible to prove the Defendants' character, but such evidence may be admissible for other purposes, including to establish the nature of the relationships between the co-conspirators, duress, or relevant corporate culture.

Evidence of Defendant Lee's prior employment is not admissible to prove Defendant Lee's character, but evidence that is relevant to Defendant Lee being hired may be intrinsic to aspects of the charged offense. Any such evidence that the Court finds to be intrinsic at trial will be admitted if it is otherwise admissible under the applicable rules of evidence and its probative

6

value is not substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403.

Evidence concerning aspects of Defendant Rowan's prior employment at another health care company may be admissible to establish his knowledge that the health care industry is highly regulated and/or what types of activities have been deemed improper or in violation of the law. The Court reserves its ruling on the admissibility of this evidence and will make its determination at the time it is offered at trial, subject to analysis pursuant to Federal Rule of Evidence 404(b). Events that occurred at that other health care company are not intrinsic to the charged offense but evidence that is relevant to Defendant Rowan being hired may be intrinsic to aspects of the charged offense. The Court assumes that this motion is now moot as to Defendant Burlakoff.

Evidence of Defendant Kapoor's management of other health care companies that were the subject of federal investigation may be admissible to establish Defendant Kapoor's knowledge that the health care industry is highly regulated and/or what types of activities have been deemed improper or in violation of the law. The Court reserves its ruling on the admissibility of this evidence and will make its determination at the time it is offered at trial, subject to analysis pursuant to Federal Rule of Evidence 404(b). Events that occurred at other health care companies that Defendant Kapoor managed are not intrinsic to the charged offense.

Evidence of obstruction of justice will be admissible as intrinsic to the charged offense if it is otherwise admissible under the applicable rules of evidence and its probative value is not substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403.

13. The Defendants' Motion to Preclude the Government from Arguing that Reimbursement Support Services Are Unlawful Kickbacks [ECF No. 660] is <u>GRANTED</u> in part

8

and <u>DENIED</u> in part. The three scenarios identified by the Defendants in their motion may well constitute unlawful kickbacks, although that remains to be determined by the jury. The Government is cautioned not to argue at trial, however, that any of these three scenarios constitute an unlawful kickback *per se*. Such an argument would both usurp the role of the jury as the factfinder and the role of the Court in instructing the jurors on the law.

**SO ORDERED.**

January 15, 2019                                            /s/ Allison D. Burroughs
                                                            ALLISON D. BURROUGHS
                                                            U.S. DISTRICT JUDGE