FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS -2 PM 3: 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MICHAEL J. GURRY, et al., | CIVIL ACTION<br>NO. 16-CR-10343-ADB |

**MOTION OF BOSTON GLOBE MEDIA PARTNERS, LLC FOR PUBLIC ACCESS TO JURY LIST UPON ENTRY OF A VERDICT OR UPON DISCHARGE OF THE JURY**

Boston Globe Media Partners, LLC (the "Globe") hereby moves for public access to the jury list in this case (including juror names and addresses) upon the first to occur of either entry of a verdict or discharge of the jury. As grounds for its motion, the Globe states as follows:

1. The public has a common law and constitutional right of access to the jury list. *See generally Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984) (public has First Amendment right of access to transcript of jury *voir dire*); *In re Globe Newspaper Co.*, 920 F. 2d 88 (1st Circ. 1990) (recognizing presumptive right of access to juror names and addresses under District of Massachusetts Plan for Random Selection of Jurors); *United States v. Chin*, 913 F.3d 251 (1st Cir. 2019) (affirming continued binding effect of holding in *In re Globe*).

2. Section 10(a) of the District of Massachusetts Plan for Random Selection of Jurors ("Jury Plan") provides:

> No person shall make public or disclose to any person not employed by this Court the names drawn from the Master Jury Wheel until the jurors have been summoned and have appeared, or failed to appear, in response to the summons. *Any judge of this Court may order that the*

> *names of jurors remain confidential thereafter if the interests of justice so require.*

Jury Plan, § 10(a) (emphasis added).

3. Under the "interests of justice" standard, withholding juror identities is permitted only upon a finding of "exceptional circumstances peculiar to the case[.]" *Chin*, 913 F.3d at 259 (quoting *Globe*, 920 F.2d at 97-98) (internal quotations omitted). *See also id.* (in the absence of "particularized findings reasonably justifying non-disclosure, the juror names and addresses must be made public").

4. In addition, "any delay in post-verdict disclosure [must] be justified by the requisite 'particularized findings.'" *Chin*, 913 F.3d at 261 (quoting *Globe*, 920 F.2d at 98).

5. Generalized privacy concerns do not satisfy the interests of justice standard.

> While anonymity is acceptable in the exceptional case where there is a particular need for it, the prospect of criminal justice being routinely meted out by unknown persons does not comport with democratic values of accountability and openness. Jurors may be citizen soldiers, but they are soldiers nonetheless, and like soldiers of any sort, they may be asked to perform distasteful duties. Their participation in publicized trials may sometimes force them into the limelight against their wishes. We cannot accept the mere generalized privacy concerns of jurors, no matter how sincerely felt, as a sufficient reason for withholding their identities under the interests-of-justice standard.

*Globe*, 920 F.2d at 97-98.

6. The Globe respectfully submits that in accordance with the holdings of *Chin* and *Globe*, the names and addresses of jurors in this case should be released upon the earlier to occur of the entry of verdict or the discharge of the jury.

WHEREFORE, the Globe requests that the Court grant its motion for public access to the jury list, including juror names and addresses, upon the earlier to occur of the entry of verdict or the discharge of the jury.

BOSTON GLOBE MEDIA PARTNERS, LLC.

By its attorneys,

/s/Jonathan M. Albano
Jonathan M. Albano
BBO #013850
jonathan.albano@morganlewis.com
Vanessa M. Brown
BBO #697097
vanessa.m.brown@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110-1726
+1.617.341.7700

Dated:  May 2, 2019

## CERTIFICATE OF SERVICE

I, Jonathan M. Albano, hereby certify that this document was filed by hand and paper copies will be sent to those indicated as non-registered participants on May 2, 2019.

/s/Jonathan M. Albano