UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>ALEC BURLAKOFF, )<br>    Defendant. )<br>) | CRIMINAL NO.   16-10343-ADB |

## UNITED STATES' MOTION FOR ORDERS OF FORFEITURE

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of: (1) a $6,839,853.43 Order of Forfeiture (Money Judgment); and (2) an Order of Forfeiture (Stock), pursuant to 18 U.S.C. § 1963 and Rule 32.2(b) of the Federal Rules of Criminal Procedure. Proposed Orders of Forfeiture are attached to this filing.   In support thereof, the United States sets forth the following:

    1.    On September 11, 2018, a federal grand jury sitting in the District of Massachusetts returned a one-count Second Superseding Indictment (the "SSI"), charging defendant Alec Burlakoff (the "Defendant"), and others, with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d).

    2.    The SSI also included a forfeiture allegation, pursuant to 18 U.S.C § 1963, which provided notice that the United States intended to seek forfeiture, upon conviction of the Defendant of the offense in violation of Count One of the Second Superseding Indictment, of, *inter alia*, "any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity."   The property included, but was not limited to:

      a.      any and all shares of the Company (NASDAQ) stock, or options to purchase shares of the Company stock, held by or on behalf of the defendants herein;

      b.      any and all securities, salaries, bonuses, stock distributions, retirement contributions and accounts, health and life insurance benefits, including premium payments, and any and all other benefits obtained through employment by and association with the entities named in the racketeering enterprise alleged in Count One, from 2012 through December 2015; and

      c.      an Order of Forfeiture (Money Judgment) equal to the amount of proceeds each Defendant obtained, directly or indirectly, as a result of the offense alleged in Count One of the Second Superseding Indictment.

3. On October 25, 2017, the Court restrained "any and all shares of INSY (NASDAQ), or options to purchase shares of INSY, held by or on behalf of the Defendant" (hereinafter, the "Stock"). *See* Doc. 195. The Stock is still restrained.

4. On November 28, 2018, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Second Superseding Indictment. *See* Docket No. 543. During the plea hearing, the United States gave a recitation of the facts and advised the Defendant that forfeiture may be part of his sentence.

5. The racketeering forfeiture, in particular, is intended to be a severe punishment. Congress mandated powerful racketeering forfeiture and directed that such forfeiture provisions be broadly interpreted. *See* 18 U.S.C. § 1963; *see also Russello v. United States*, 464 U.S. 16, 27-28 (1983); *United States v. Hurley*, 63 F.3d 1, 21 (1st Cir. 1995) ("Supreme Court made clear its desire for generous construction of the RICO forfeiture provisions, in line with Congress' unusual command that RICO (although a criminal statute) be broadly interpreted."). In *Russello*, the Supreme Court examined the legislative history of the racketeering laws and observed:

> Congress directed…"The provisions of [the Racketeering Statute] shall be liberally construed to effectuate its remedial purposes." So far as we have been made aware, this is the only substantive federal criminal statute that contains such a directive…

*Russello*, 464 U.S. at 27 (emphasis added).

6.      To determine what assets constitute forfeitable RICO proceeds, courts apply the "but for" test. *See Anguilo*, 897 F.2d 1169, 1213 (1st Cir. 1990). Under the "but for" test, proceeds are property that would not have been acquired or maintained but for the defendant's racketeering activities and property derived from such property. *Id*. The Defendant must forfeit gross, not net, RICO proceeds. *See, e.g., Hurley*, 63 F.3d 1, 21 (1st Cir. 1995) (must forfeit *gross* proceeds under § 1963 (a)(3)); *see also United States v. Bucci*, 582 F.3d 108, 122 (1st Cir. 2009) (following *Hurley*, proceeds means gross proceeds, not net profits).

7.      Here, the Defendant worked at Insys, a racketeering enterprise, and but for the criminal conduct that saturated Insys, the Defendant would not have received the salary, automobile payments, bonus payments, awards of Insys stock options later exercised and liquidated, and shares of Insys stock. *See Id*. As a result of the "but for" test, the Defendant must forfeit a sum of money equal to the Defendant's salary, automobile, bonus payments in 2013-2015, plus all stock liquidations, and also any remaining shares of Insys stock presently owned by the Defendant.

8.      Based on the Defendant's guilty plea and admissions at the November 28, 2018 plea hearing, the United States is entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the amount of $6,839,853.43 in United States currency, pursuant to 18 U.S.C. § 1963(a)(3) and Rule 32.2(b)(1)(A), as this amount represents proceeds of the Defendant's racketeering conspiracy. This sum was reached as follows:

| | | |
|---|---|---|
| Salary, automobile & bonuses (2013-15)[1] | - | $1,386,548.53 |
| Stock liquidation/benefit[2] | - | $5,453,304.90 |
| **Total Proceeds** | **-** | **$6,839,853.43** |

---

[1] Calculated by trial witness, and Federal Bureau of Investigation Analyst, Bridget Horan using records provided by Insys Therapeutics.

[2] Calculated by trial witness, and Federal Bureau of Investigation Analyst, Bridget Horan using business records obtained from Solium Capital, now Shareworks by Morgan Stanley.

9.      Although the Stock is nearly worthless, the United States is also entitled to an Order of Forfeiture (Stock) because the Defendant's stock, to the extent any remains, also constitutes proceeds of the racketeering conspiracy.

10.     The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace.  See, e.g., United States v. Ponzo, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an in personam judgment against defendant for amount of money defendant obtained as proceeds of offense); United States v. Zorrilla-Echevarria, 671 F.3d 1, 11 n. 15 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.") (citation omitted); United States v. Hall, 434 F.3d 42, 59 (1st Cir. 2006) (same).

11.     Once the Order of Forfeiture (Money Judgment) is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment.  See United States v. Zorrilla-Echevarria, 671 F.3d 1, 11 n. 15 (1st Cir. 2011) ("[a] money judgment permits the government to collect on the forfeiture order … even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); United States v. Saccoccia, 564 F.3d 502, 506-507 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

12. Upon entry of the Orders of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States.

13. Upon entry of the Preliminary Order of Forfeiture (Stock), pursuant to 18 U.S.C. § 1963(l), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture (Stock) and notice of the United States' intent to dispose of the Stock. The United States shall also, pursuant to 18 U.S.C. § 1963(l), give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Stock to be forfeited. Pursuant to 18 U.S.C. § 1963(l), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Stock, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Stock; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Stock, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Stock, any additional facts supporting the petitioner's claim, and the relief sought.

WHEREFORE, the United States requests that this Court:

(a) enter a $6,839,853.43 Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b) enter the Order of Forfeiture (Stock) in the form submitted herewith;

(c) retain jurisdiction in this case for purposes of enforcing the forfeiture;

(d) include the forfeiture, as set forth in the Orders of Forfeiture (Money Judgment) and (Stock), in the oral pronouncement of the Defendant's sentence; and

(e) incorporate the Orders of Forfeiture (Money Judgment) and (Stock) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

>Respectfully submitted,
>
>ANDREW E. LELLING
>United States Attorney

Dated: December 17, 2019

>By: */s/ David G. Lazarus*
>DAVID G. LAZARUS (BBO #624907)
>K. NATHANIEL YEAGER (BBO # 630992)
>FRED M. WYSHAK, JR. (BBO #535940)
>Assistant United States Attorneys
>One Courthouse Way, Suite 9200
>Boston, MA   02210
>(617) 748-3100
>david.lazarus2@usdoj.gov

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: December 17, 2019

>*/s/ David G. Lazarus*
>David G. Lazarus
>Assistant U.S. Attorney