UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.  16-10343-ADB |
| | ) | |
| ALEC BURLAKOFF, | ) | |
|      Defendant. | ) | |
| | ) | |

**PRELIMINARY ORDER OF FORFEITURE (INSYS STOCK)**

**BURROUGHS, D.J.**

WHEREAS, on September 11, 2018, a federal grand jury sitting in the District of Massachusetts returned a one-count Second Superseding Indictment, charging defendant Alec Burlakoff (the "Defendant"), and others, with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d);

WHEREAS, the Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 1963, which provided notice that the United States intended to seek forfeiture, upon conviction of the Defendant of the offense in violation of Count One of the Second Superseding Indictment, of the following:

    a.    any interest acquired or maintained in violation of 18 U.S.C. § 1962;

    b.    any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962; and

    c.    any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962;

WHEREAS, the property to be forfeited included, but was not limited to:

      a.      any and all shares of the Company (NASDAQ) stock, or options to purchase shares of the Company stock, held by or on behalf of the defendants herein;

      b.      any and all securities, salaries, bonuses, stock distributions, retirement contributions and accounts, health and life insurance benefits, including premium payments, and any and all other benefits obtained through employment by and association with the entities named in the racketeering enterprise alleged in Count One, from 2012 through December 2015; and

      c.      an Order of Forfeiture (Money Judgment) equal to the amount of proceeds each Defendant obtained, directly or indirectly, as a result of the offense alleged in Count One of the Second Superseding Indictment;

WHEREAS, on November 28, 2018, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Second Superseding Indictment;

WHEREAS, pursuant to 18 U.S.C. § 1963(a)(3), RICO's proceeds forfeiture mandate, the Defendant must forfeit any property constituting or derived from proceeds he obtained, directly or indirectly, as a result of racketeering activity;

WHEREAS, the Defendant has ownership of shares of INSY (NASDAQ), or options to purchase shares of INSY, held by or on behalf of the Defendant (collectively, the "Stock");

WHEREAS, based on the Defendant's guilty plea and admissions at the November 28, 2018 plea hearing, and the information in the United States' Motion for Orders of Forfeiture, filed herewith, the United States has established the requisite nexus between the Stock and the crimes to which the Defendant pled guilty; and

WHEREAS, pursuant to 18 U.S.C. § 1963(a)(3) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Stock.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Stock and the offenses to which the Defendant pled guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3. Accordingly, all of the Defendant's interests in the Stock are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 1963.

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 1963(e), the United States is hereby authorized to seize the Stock and maintain it in its secure custody and control.

5. Pursuant to 18 U.S.C. § 1963(l), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Stock.

6. Pursuant to 18 U.S.C. § 1963(l), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Stock to be forfeited.

7. Pursuant to 18 U.S.C. § 1963(l), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Stock, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States

District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Stock; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Stock, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Stock, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 18 U.S.C. § 1963(l), following the Court's disposition of all petitions filed under 18 U.S.C. §§ 1963(2) and (3), or if no such petitions are filed following the expiration of the period provided in 18 U.S.C. § 1963(l)(2) for the filing of such petitions, the United States of America shall have clear title to the Stock.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 1963 and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

                                                ALLISON D. BURROUGHS
                                                United States District Judge

Dated: _____