UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.    )<br>)<br>MICHAEL GURRY, et. al.   )<br>   Defendants.   )<br>) | CRIMINAL NO.   16-10343-ADB |

**UNITED STATES' STATUS REPORT
REGARDING RESTITUTION AND FORFEITURE**

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, respectfully provides this status report in advance of the hearing to address forfeiture and restitution set for Monday, January 13, 2020. In summary, the government recommends the Court address each forfeiture motion at the time of sentencing and hold a single consolidated restitution hearing within 90 days of sentencing, as permitted by law.

**Restitution**

**First**, as a threshold matter, the government does not understand any Defendant to be arguing for a restitution first determination. The Government calculated a loss amount for the purposes of the GSR that was intentionally conservative. The United States has repeatedly asserted that because its proposed loss calculation yields a GSR at or beyond the statutory maximum, making an analysis of additional claims is irrelevant for the purposes of sentencing. The United States has also consistently asserted that broader restitution claims, which are less conservative and arguably more complex, would be assembled and addressed separate from the GSR loss calculation. The Government's Statement of Offense Conduct, Probation's Draft PSR, and the Government's Consolidated Sentencing Memorandum each make this point.

1

**Second**, the United States does not oppose consolidation of each Defendants' restitution hearing into a single proceeding rather than seven separate proceedings. Consolidation of the determination of restitution serves the interests of judicial economy, minimizes the burden to the victims and witnesses, and is more efficient for all involved. The law permits the government to request up to 90 days' time for the Court to ascertain the amounts of restitution. *See* 18 U.S.C. § 3664(d)(5). The law recognizes that questions of restitution are not always resolvable prior to sentencing and plainly anticipates that a continuance may be requested. And in fact, such continuances are commonly ordered.

**Third**, the government proposes a single restitution hearing within 90 days of sentencing. In the interim, the government plans to work with the victims and Defendants in an attempt to narrow the restitution issues and attempt to reach common ground, where appropriate. Subsequent to the filing of the Defendants' opposition, several commercial insurance companies have requested we convey to the Court that they respectfully request an opportunity to supplement their proof in support of their restitution requests.

**Fourth**, the parties appear to agree on the majority of the legal framework for restitution but disagree on the application of some of the law to the facts. The government may seek to present a witness in support of the Medicare restitution calculation and will likely rely upon argument regarding the application of the facts of the case to the necessary restitution determinations. Although the issues of commercial insurance company restitution are admittedly more complex than the patient and Medicare restitution calculations, they are not so complex that they cannot be calculated without significant burden to the Court and the parties, and the government understands that the commercial insurance companies intend to provide supplemental evidence to assist the Court in making its determinations.

## **Forfeiture**

The government is prepared to address the substance of any Defendants' forfeiture motion at each individual sentencing hearing.   The government sought leave to file a reply to Defendant Gurry's forfeiture opposition and intends to similarly seek leave of this Court to file a reply in support of each forfeiture motion.   In opposition to the forfeiture, each Defendant raises similar legal issues, including the government's method and calculation of proceeds, whether a defendant is entitled to an offset for tax payments, and whether forfeiture shall deprive him/her of an ability to earn a livelihood and/or is an excessive fine or penalty under the Eighth Amendment to the Constitution.   The government does not anticipate calling witnesses in support of the forfeiture motions and does not believe lengthy argument is necessary.

                                                    Respectfully submitted,

                                                    ANDREW E. LELLING
                                                    United States Attorney

By:    */s/ David G. Lazarus*
        DAVID G. LAZARUS
        K. NATHANIEL YEAGER
        FRED M. WYSHAK, JR.
        Assistant United States Attorneys
        One Courthouse Way, Ste. 9200
        Boston, MA   02210
        (617) 748-3100
Dated: January 10, 2020        david.lazarus2@usdoj.gov